UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOHN W. WILLIAMS,

        Plaintiff,

               v.

JAMES WALKER, et al.,

        Defendants.
                             /

NO. CIV. 07-752 WBS KJM

ORDER RE: MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS

----oo0oo----

        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On March 4, 2009, the Magistrate Judge recommended that the court grant defendants' motion to dismiss plaintiff's action for failure to exhaust administrative remedies. Plaintiff filed timely objections and the court now reviews the Magistrate Judge's Findings and Recommendations de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." If a prisoner fails to comply with the PLRA's exhaustion requirement before seeking judicial relief, the court must dismiss the plaintiff's case regardless of whether the plaintiff exhausts all administrative remedies while the case is pending. Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006); see id. at 1050 ("'[P]resuit exhaustion provides a strong incentive that will further these Congressional objectives; permitting exhaustion pendente lite will inevitably undermine attainment of them.'" (quoting McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002))).

As the Magistrate Judge recognized, the resolution of defendants' motion to dismiss is dependant on whether plaintiff's letter dated March 7, 2007, and docketed with the transferor district court on March 17, 2007, ("March Letter") constituted the complaint that initiated this action. If it did, the action must be dismissed because plaintiff failed to exhaust his administrative remedies before seeking judicial relief. If, on the other hand, the March Letter did not initiate this case--and plaintiff's case was not actually "brought" until he filed an amended complaint on July 31, 2008--plaintiff's action is not subject to dismissal because he satisfied the PLRA's exhaustion requirement before seeking judicial relief.

Although the transferor district court and this court

unequivocally regarded the March Letter as a complaint and plaintiff pursued the civil rights case arising from the March Letter for over one year, plaintiff now argues that the court should not treat the March Letter as a complaint. According to plaintiff, treating the March Letter as the complaint that initiated this case would be inconsistent with the Magistrate Judge's dismissal of the letter during the screening process. (Pl.'s Objections 1:27-2:2.)

In dismissing plaintiff's complaint as insufficient at the screening stage, however, the Magistrate Judge did not dismiss plaintiff's action; to the contrary, the Magistrate Judge granted plaintiff leave to file an amended complaint and granted plaintiff's request to proceed in forma pauperis in the same order. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("When the trial court dismissed the original complaint, it did not dismiss the action."); cf. Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . .") (emphasis added).

The Ninth Circuit has also recognized that neither the sufficiency of a plaintiff's complaint nor the date a complaint is technically "filed" with a district court is relevant for purposes of exhaustion: "[T]he PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts." Vaden, 449 F.3d at 1048. In reaching this conclusion, the Ninth Circuit recognized that, even if a court

3

dismisses a prisoner complaint during the screening process--and thereby prevents the complaint from technically being "filed" with the district court--the prisoner is still deemed to have "brought" his action on the date he tendered the substantively insufficient complaint to the district court. Id. at 1050 (discussing Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004), and "adopt[ing] its holding as our own"); accord O'Neal v. Price, 531 F.3d 1146, 1151-52 (9th Cir. 2008).

The Ninth Circuit held that, "a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. . . . It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that." Vaden, 449 F.3d at 1051; accord McKinney, 311 F.3d at 1200 ("While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit.").

Accordingly, because plaintiff had not exhausted his administrative remedies as of the date he initiated this action, the court must grant defendants' motion to dismiss plaintiff's case. Although the Magistrate Judge did not indicate whether the action should be dismissed with or without prejudice, the court must dismiss the action without prejudice because plaintiff's failure to exhaust his administrative remedies before initiating this case does not bar him from pursuing a subsequent and timely action that complies with the PLRA. E.g., O'Guinn v. Lovelock

Corr. Ctr., 502 F.3d 1056, 1063 (9th Cir. 2007); (see also Defs.' Mot. to Dismiss (requesting only that plaintiff's action be dismissed without prejudice)).

IT IS THEREFORE ORDERED that (1) the Magistrate Judge's Findings and Recommendations filed March 4, 2009, are adopted in full; (2) defendants' motion to dismiss this action is GRANTED; and (3) this action is hereby DISMISSED without prejudice.

DATED: April 9, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE